LEONETTA MITCHELL,

        Plaintiff,

v.                                             Case No. 23-C-514

GREEN BAY CORRECTIONAL INSTITUTION,
STACY TILLOT-TAPPA,
JENNIFER WATTON, and
MEGAN CARRAUSO,

        Defendants.

## DECISION AND ORDER

On April 21, 2023, Plaintiff Leonetta Mitchell, proceeding *pro se*, brought this action against her former employer, Green Bay Correctional Institution (GBCI), and three of its employees, Stacy Tillot-Tappa, Jennifer Watton, and Megan Carrauso. This matter comes before the court on Mitchell's motion for summary judgment, filed on June 22, 2023, and Defendants' motion to dismiss, or alternatively, for a more definite statement, filed on June 26, 2023.

As an initial matter, the court will deny Mitchell's motion for summary judgment as premature. Defendants have not yet filed an answer, and there has been no discovery conducted to obtain the relevant facts to decide the motion. *See Gakuba v. Henderson*, No. 19-CV-1273, 2020 WL 1989386, at *2 (S.D. Ill. Apr. 27, 2020) ("While a motion for summary judgment may be filed at any time, it is not an abuse of discretion for a Court to conclude that the motion is premature when filed before defendants have answered." (citing *Stanley v. Hollingsworth*, 307 F. App'x 6, 10 (7th Cir. 2009); Fed. R. Civ. P. 56(b))). Consistent with this authority, Mitchell's motion for summary judgment is denied.

As for Defendants' motion to dismiss, or alternatively, for a more definite statement, Mitchell's response to the motion was due July 17, 2023. No response to the motion has been filed, and the time to do so has passed. Mitchell's failure to respond to Defendants' motion is itself grounds to grant the motion. *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion."). For this reason, and because the result is the same on the merits, Defendants' motion to dismiss will be granted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), before the doors to expensive and time-consuming discovery will be opened. In other words, it is not enough to allege the mere possibility of a claim; a plaintiff must allege sufficient factual matter to show that her claim is at least facially plausible. *Twombly*, 550 U.S. at 560–61, 570.

But the pleading standard announced by the Court in *Twombly* and *Iqbal* does not appear applicable in employment discrimination cases, especially in cases where the plaintiff proceeds *pro se*. Notwithstanding *Twombly* and *Iqbal*, "the Seventh Circuit has held that a formulaic recitation of the elements of an employment discrimination claim *will* do." *McKay v. City of Chicago*, No. 14-C-10446, 2017 WL 11567310, at *2 (N.D. Ill. May 23, 2017) (citing *Tomayo v.*

*Blagojevich*, 526 F.3d 1074 (7th Cir. 2008); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013)).

## ALLEGATIONS CONTAINED IN THE COMPLAINT

Mitchell is a former employee of GBCI. On April 29, 2021, Mitchell was injured "on the job" during self-defense training, and she was relieved of training duty. Compl. at 2. On May 24, 2021, GBCI required Mitchell to report for on-the-job training. *Id.* Mitchell alleges that, after her injury, she was consistently seeing doctors and other health care professionals. At each appointment, the health care professionals filled out and faxed a fit-for-duty form to GBCI that stated Mitchell's restrictions. *Id.* at 2–3. Tillot-Tappa, GBCI's human resources (HR) assistant, received the forms. *Id.* at 3. Mitchell alleges that GBCI ignored her restrictions, and her injury worsened. She claims that when she spoke to Tillot-Tappa about the restrictions, Tillot-Tappa responded, "We don't accommodate officers." *Id.* at 3. Mitchell alleges that, for at least eight months, Defendants continually had her report to work, harassed her, and denied her accommodations. *Id.*

On January 17, 2022, Mitchell filed a workplace complaint with HR. *Id.* Mitchell alleges that, from that point on, Defendants harassed and retaliated against her by ignoring her, failing to cooperate with her, failing to provide support services, and refusing to share department resources. *Id.* She asserts that she "suffered through several attendance disciplinary meetings" with Captain Bauman and Raquel Castaneda-Wahl and that some of these meetings occurred on her days off or approved worker's compensation days. *Id.* at 3–4. Mitchell also alleges that Defendants retaliated against her by taking "two of [her] paychecks," claiming that she owed Defendants money. *Id.* at 4. She claims that Watton began sending her "threatening letters" in an attempt to make Mitchell give Defendants more money. *Id.* Plaintiff alleges that when she called Carrauso, the HR Director,

3

Carrauso ignored Mitchell's requests for further investigation of the matter and to refund Mitchell her money. *Id.*

On January 26, 2023, the Equal Employment Opportunity Commission issued Mitchell a right-to-sue letter. Dkt. No. 1-1. Mitchell then filed the instant action, seeking relief in the form of "backpay, future earnings and pension, monies for pain and suffering and any court costs and fees." Compl. at 5.

**ANALYSIS**

Defendants assert that Mitchell's complaint fails to state a claim against the individually-named defendants. The court agrees that Mitchell cannot maintain a claim against Tillot-Tappa, Watton, or Carrasco, but not for the reason argued by Defendants. Mitchell alleges that Defendants discriminated against her under the Americans with Disabilities Act (ADA) by failing to provide reasonable accommodations and retaliating against her. To bring a claim under the ADA, the plaintiff must allege that she is a qualified individual with a disability. *See Koty v. DuPage Cty., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018). An employer must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). "Employers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). In suits under the ADA, like many other federal anti-discrimination laws, the proper defendant is the organization or employer, not the employer's employees. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). Therefore, Tillot-Tappa, Watton, or Carrasco must be dismissed as defendants.

Defendants also assert that GBCI must be dismissed as a defendant because it is not a suable entity. Federal courts look to state law to determine whether a defendant that is not an individual or a corporation has the legal capacity to be sued. Fed. R. Civ. P. 17(b). Under Wisconsin law, "[a] cause of action accrues when there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has the present right to enforce it." *Plesko v. Figgie Int'l*, 190 Wis. 2d 764, 786–87, 528 N.W.2d 446 (Ct. App. 1994) (citing *Employers Ins. of Wausau v. Smith*, 154 Wis. 2d 199, 231, 453 N.W.2d 856 (1990)). Section 301.04 of the Wisconsin Statutes provides that the Department of Corrections "may sue and be sued." Wis. Stat. § 301.04. Although the Wisconsin legislature has recognized that the Department of Corrections may be sued, it has not given that status to individual facilities within the Department. GBCI, a state facility within the Wisconsin Department of Corrections, is not itself a suable entity and therefore must be dismissed as a defendant. *See Rounds-Rheaume v. Univ. of Wis. State Lab of Hygiene*, No. 16-CV-146, 2016 WL 3951228, at *2 (W.D. Wis. July 20, 2016).

Plaintiff has failed to state a claim against the named defendants. Courts generally permit civil plaintiffs at least one opportunity to amend their pleadings and Plaintiff will be allowed that opportunity here. An amended complaint must be filed within 30 days of the date of this order. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

## CONCLUSION

For the foregoing reasons, Mitchell's motion for summary judgment (Dkt. No. 13) is **DENIED** as premature. Defendants' motion to dismiss the complaint (Dkt. No. 14) is **GRANTED**. Plaintiff is granted leave to amend. If an amended complaint curing the defects set forth above is not filed within thirty (30) days of this order, the case will be dismissed.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge