UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONETTA MITCHELL,

        Plaintiff,

        v.                              Case No. 23-C-514

DEPARTMENT OF CORRECTIONS
OF WISCONSIN,

        Defendant.

## DECISION AND ORDER

        This case is reflective of the complex minefield that federal litigation has become. On April 21, 2023, Plaintiff Leonetta Mitchell, acting *pro se*, brought this action against her former employer, Green Bay Correctional Institution (GCBI), along with three GBCI employees, asserting claims under Title I of the Americans with Disabilities Act (ADA) for failing to make reasonable accommodations and retaliating against her. Defendants moved to dismiss pursuant to Rule 12(b)(6), and the court granted that motion in a decision entered on August 18, 2023, but granted Plaintiff leave to amend. In granting Defendants' motion as to the individual defendants, the court ruled that the proper defendant on an ADA claim was the employer, not the individual employees who were allegedly acting on the employer's behalf. As for GBCI, the court ruled that a state correctional institution was not a suable entity, and citing Wis. Stat. § 301.04, noted that under Wisconsin law the Wisconsin Department of Corrections (DOC) may sue or be sued.

        Taking her cue from the court's decision granting Defendants' motion to dismiss, Plaintiff filed an Amended Complaint naming the DOC as the sole defendant. The DOC has now moved to dismiss Plaintiff's Amended Complaint on the ground of sovereign immunity. The DOC

contends that as an agency of the State of Wisconsin, it has immunity from suit under the Eleventh Amendment. Plaintiff's response to the motion was due October 23, 2023. To date, Mitchell has not filed a brief in opposition to Defendant's motion and has not requested an extension of time to do so. Mitchell's failure to respond to Defendants' motion is itself grounds to grant the motion. *See* Civil L.R. 7(d) ("Failure to comply with the briefing requirements in Civil L.R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion."). For this reason, and because the result is the same on the merits, Defendant's motion to dismiss will be granted and the case will be dismissed.

A suit against a state is "barred regardless of whether it seeks damages or injunctive relief." *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); U.S. Const. amend. XI. Accordingly, sovereign immunity bars suits against "state agencies and departments." *Nelson v. La Crosse Cnty. Dist. Attorney*, 301 F.3d 820, 827 n.7 (7th Cir. 2002). Federal courts recognize three exceptions that allow a state to be sued when (1) a state waives immunity and consents to suit, (2) Congress abrogates a "state's immunity through an unequivocal exercise of legislative power," and (3) a suit against a state official seeks "prospective equitable relief." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). Unless one of these exceptions applies here, "plaintiff may not proceed against the [Wisconsin] Department of Corrections because it [is] entitled to sovereign immunity and is immune from suit." *Nygaard v. Neyhard*, 2022 WL 1750554, at *3 (E.D. Wis., May 31, 2022).

Here, Mitchell has failed to allege that Wisconsin's Department of Corrections either waived its immunity under the ADA or consented to suit in federal court. As to the second exception, the Supreme Court has held that Congress did not abrogate states' immunity with the passage of Title I of the ADA and thus the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368 (2001).

Lastly, since Mitchell has not sued any individuals acting in their official capacity, the third exception to sovereign immunity does not apply. Although she named three GBCI employees in her original complaint, they were not named in their official capacities and the allegations against them did not support any claim that they had violated the ADA.

Accordingly, the DOC's motion must be granted. Because the DOC has sovereign immunity from suit under Title I of the ADA, this court lacks jurisdiction and Plaintiff's claim must be dismissed.

## CONCLUSION

For these reasons, Defendant's motion to dismiss the amended complaint (Dkt. No. 20) is **GRANTED** and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of November, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. See Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.